# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THERESA BUFFINGTON,** | ) | **CIVIL ACTION NO.** 11-229 Erie |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **PEC MANAGEMENT II , LLP,** | ) | |
| **d/b/a BURGER KING,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

### I. PRELIMINARY STATEMENT

By this action, Plaintiff, Theresa Buffington, seeks compensatory and punitive damages, as well as costs and attorneys' fees, as a result of being terminated by Defendant, PEC Management II, LLP, d/b/a Burger King ("PEC Management") because of her association with a person with a disability. Defendant's actions in this regard violate the Americans With Disabilities Act of 1990, as amended ("ADA"), 42 U. S. C. § 12101 et. seq., and the Pennsylvania Human Relations Act, as amended ("PHRA"), 43 P. S. § 951 et. seq.

### II. JURISDICTION

1. This court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States. This court also has jurisdiction of this matter under 28 U.S.C. § 1367, in that this is a civil action of which this federal district court has original jurisdiction, and certain of Plaintiff's claims are brought under

Pennsylvania state law, which are related to the federal claim in this action in that they form part of the same case or controversy under Article III of the Constitution of the United States.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3. On January 21, 2011, Ms. Buffington filed a timely Complaint against PEC Management with the Pennsylvania Human Relations Commission ("PHRC"), alleging unlawful discrimination based on an association with a person with a disability in violation of the Pennsylvania Human Relations Act. Ms. Buffington dual-filed this complaint with the Equal Employment Opportunity Commission ("EEOC").

4. On July 7, 2011, the EEOC provided Ms. Buffington with notification of her right to institute a civil action within 90 days of her receipt of the notice with the appropriate United States District Court to obtain relief for the discrimination that she suffered.

### III. PARTIES

5. Plaintiff, Theresa Buffington, is an adult female who resides at 819 Crescentt Avenue, Ellwood City, Pennsylvania 16117. At the time of the incident complained of in this lawsuit and presently, she was and is a citizen of the Commonwealth of Pennsylvania and the United States of America.

6. Defendant, PEC Management, is a franchisee of Burger King and a Pennsylvania corporation with headquarters at 1250 Tower Lane, Erie, Pennsylvania 16505.

## IV. STATEMENT OF CLAIM

7. Ms. Buffington began employment with PEC Management in December of 2003 as a Restaurant Supervisor at the Defendant's Beaver Falls, Pennsylvania Burger King, located at 720 Shenango Road, Beaver Falls Pennsylvania 15010.

8. In 2006, Plaintiff transferred Ms. Buffington to Defendant's Ellwood City, Pennsylvania Burger King, located at 627 Lawrence Ave, Ellewood City, Pennsylvania 16117.

9. As a restaurant supervisor, Ms. Buffington was responsible for, among other things, scheduling shifts, overseeing employees, making profit projections, and ordering and maintaining stock.

10. During her tenure with Defendant, Ms. Buffington was an excellent and dependable employee. In her last performance review before her termination, completed in March of 2010, Ms. Buffington received either a "Meets Standards" or "Exceeds Standards" in every category.

11. Ms. Buffington's minor son, Daniel "D.J." Honneffer, was diagnosed with rhabdamyosarcoma (a muscle and bone cancer) in approximately June of 1999, at the age of two. Over the next eleven years, he relapsed nine times and required numerous treatments and surgeries. Daniel passed away in June of 2011.

12. Due to his condition, several of Daniel's major life activities were substantially impaired, including normal cell development, walking, lying down, and left arm mobility.

13. In April of 2010, Daniel's condition relapsed. Because of this relapse, he required major surgery in June of 2010.

14. As early as 2003, Ms. Buffington informed Defendant that her son had cancer. She also informed Defendant of his numerous relapses around the time each occurred, the last of which

was in April of 2010. Defendant was aware of Plaintiff's son's condition throughout her employment with Defendant.

15. As a result of her son's condition, Ms. Buffington took numerous sick and vacation days to care for her son, but none were unexcused.

16. Ms. Buffington's son's disability did not impair her in the performance of her job duties.

17. In approximately the winter of 2010, Alice Lawrence, Ms. Buffington's District Manager, told her that Defendant had plans to put $400,000 into remodeling its Ellwood City Burger King starting in the summer of 2010.

18. In approximately August of 2010, Ms. Buffington raised the possibility to Ms. Lawrence that she may have to demote herself in the near future so she could devote more time to caring for her son but she never did so.

19. In October of 2010, Keith Edgyed, Defendant's Director of Operations, told Ms. Buffington that because she seemed to be worried about her son, she should take a demotion to assistant manager at Defendant's Zelionople, Pennsylvania Burger King. Ms. Buffington did not accept this offer.

20. On November 7, 2010, Ms. Buffington was the only manager working at the Ellwood City Burger King. During this time, she sent Scott Hayes, an employee, to drive to pick up funnel sticks from another store because the Ellwood City location was out of them. While in route, Mr. Hayes was involved in a car accident.

21. Defendant's Manager's Handbook states that with regard to use of vehicles, "only managers are authorized to run errands while on company time." The same Handbook also states

that managers are to stay in their restaurants unless another manager is in the store.

22.   However, Defendant almost never enforced this rule. Managers from other restaurants frequently sent employees to pick up or deliver products from and to other restaurants.

23.   Upon information and belief, other managers of Defendant who participated in the practice of sending their employees to pick up or deliver products did not have a disability and were not associated with anyone who was disabled, at least to Defendant's knowledge.

24.   Mr. Edgyed knew of this common practice, and even helped to load product into the vehicle of Karen Esoldo, a non-manager Burger King employee, for her to deliver to Defendant's Ellwood City Burger King.

25.   Upon information and belief, Ms. Lawrence also was aware of this practice.

26.   Additionally, Sharon Kadunce, a former assistant manager for Defendant, saw employees transport product from one restaurant to another on numerous occasions with approval from Ms. Lawrence.

27.   On November 12, 2010, Ms. Lawrence informed Ms. Buffington that Defendant was terminating her. Defendant's stated reason for the termination was "ongoing issues related to performance."

28.   Defendant's Manager's Handbook states that termination will occur upon a third rule violation. Ms. Buffington had no prior discipline for a rule violation, nor any prior disciplinary action for any performance issues.

29.   During the meeting in which Ms. Buffington was terminated, Ms. Lawrence stated that because the restaurant was going through an extensive remodel, Defendant "needed someone whose head is there 100%." She also told Ms. Buffington, "now you can focus on your son" and "go

home and spend time with your son."

30. Defendant's stated reason for terminating Ms. Buffington was pretextual. Defendant terminated Ms. Buffington because of her association with a person with a disability, her son, Daniel, and not because of her violation of a company policy that almost never was enforced.

31. As a result of Defendant terminating Ms. Buffington, she has suffered substantial injuries to her career, including loss of wages and benefits, as well as to her reputation, emotional pain and suffering, mental anguish, inconvenience, and other nonpecuniary losses.

## V. CLAIMS FOR RELIEF

### COUNT I - VIOLATIONS OF AMERICANS WITH DISABILITIES ACT

32. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

33. Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and/or procedures in discriminating against Ms. Buffington with respect to compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq.

34. Defendant's unlawful acts, practices, policies and/or procedures in employment were induced by its intent to discriminate against Ms. Buffington on the basis of her association with a person with a disability.

35. Ms. Buffington has been directly harmed as a result of Defendant's violations as is fully set forth above.

## COUNT II - VIOLATION OF PHRA - DISABILITY DISCRIMINATION

36. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

37. Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies and procedures in discriminating against Ms. Buffington with respect to compensation, terms, privileges, or conditions of employment, in violation of the PHRA, 43 P.S. § 955(a).

38. Defendant's unlawful acts, practices, polices and/or procedures in employment were induced by its intent to discriminate against Ms. Buffington on the basis of her association with a person with a disability.

39. Ms. Buffington has been directly harmed as a result of these violations as is fully set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a) Assume jurisdiction herein;

(b) Declare Defendant's conduct to be unlawful and in willful violation of Plaintiff's rights

(c) Reinstate Plaintiff to her former position, together with all of the benefits incident thereto, including but not limited to wages, benefits and seniority;

(d) Award Plaintiff wage loss damages, including back pay, front pay, lost fringe and other benefits of employment, plus interest from the date of termination.

(e) Award Plaintiff compensatory damages for emotional distress, embarrassment, humiliation, inconvenience, and damage to her reputation.

    (f)       Award Plaintiff costs and attorneys' fees;

    (g)       Grant such other relief as the Court deems just and appropriate.

Respectfully Submitted,

**JURY TRIAL DEMANDED**

s/ David B. Spear
David B. Spear
PA Id. No. 62133

GOLDMAN SCHAFER & SPEAR P.C.
Firm No. 456
2200 Lawyers Building
428 Forbes Avenue
Pittsburgh, PA  15219
(412)  281-6488
email: david@gss-law.net