THERESA BUFFINGTON
v.
PEC MANAGEMENT II, LLP

CIVIL ACTION NO. 11-229 ERIE

<u>FINAL INSTRUCTIONS TO THE JURY</u>

I.

INTRODUCTION

Ladies and gentlemen, you have heard all of the arguments and all of the evidence, and it is my duty to charge you on the law which you are required to consider and which will govern your deliberations.  Counsel have quite properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you of course are to be governed by my instructions.

As you already know, this is a civil action brought by Plaintiff, Theresa Buffington against Defendant, PEC Management II, LLP doing business as Burger King.

The Plaintiff, Theresa Buffington, alleges that she was terminated from her job as General Manager of the Ellwood City Burger King because of her association with a disabled person.  More specifically, Ms. Buffington claims that PEC Management dismissed her from her duties in anticipation of her son's declining condition and therefore assumed that Ms. Buffington would miss a lot of work.  Such action would be a violation of the Americans with Disabilities Act of 1990, and the Pennsylvania Human Relations Act.  The ADA's association provision prohibits employment decisions based on unfounded stereotypes and assumptions arising from the employee's relationship with a disabled person.

1

PEC claims that it had a legitimate reason for dismissing Ms. Buffington – that she had violated company policy in sending a non-management employee on an errand, during which he was involved in an auto accident for which the company was financially responsible. In deciding these issues of fact, it is your duty, ladies and gentlemen, to follow these instructions. In doing so, you must take into consideration all of the instructions I give you, and not pick out any particular instruction and disregard another one. Your duty is to determine the facts from the evidence that has been produced in open court. You are to apply the facts as you find them to the law that I am giving you, and neither sympathy nor prejudice should influence you in any way. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.

II.

(COURT IS NEUTRAL)

At the outset, you should understand that I am absolutely neutral in presenting these instructions to you. I will not give you my opinion about any issue of fact to be determined by you. Nothing in the way in which I give my instructions to you is intended as an expression of my opinion about any fact at issue in the case. You, not I, have the duty to determine the facts.

III.

(DETERMINING CREDIBILITY)

Now, in deciding this case, members of the jury, you are required to pass on the credibility of witnesses. You are the sole judges of the credibility of the witnesses. Credibility means whether a witness is worthy of belief. You may believe everything a witness said or only part of it or none of it. In deciding what to believe, you may consider a number of factors,

including the following: the opportunity and ability of the witness to see or hear or know the things the witness testified to; the quality of the witness' understanding and memory; the witness' manner while testifying; whether the witness had an interest in the outcome of the case or any motive, bias or prejudice; whether the witness was contradicted by anything the witness said or wrote before trial or by other evidence; how reasonable the witness' testimony was when considered in light of the other evidence that you believe; and any other factor that bears on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you find a witness has lied to you in any important part of his or her testimony you may disregard that witness' testimony in its entirety. I say that you <u>may</u> disregard that testimony, not that you must. If you choose to disregard the testimony of any witness because you believe that the witness was untruthful with you, it must have been untruthfulness in a material portion of that witness's testimony. You must be careful, though, that the untrue part of the testimony was not a result of a mistake or inadvertence, but was, rather, willful and stated with a design or intent to deceive.

Regardless of whether a witness' testimony was untruthful by design or inadvertence, however, you may reject all or any portion of the testimony, as in the case of any witness, if the testimony is not believable by you. On the other hand, you may be convinced that, despite the falsity of a part of the witness' testimony, he or she, in other parts, testified truthfully.

Now, you may find inconsistencies in the evidence, even actual contradictions in the testimony of witnesses, although it does not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets. Sometimes he or she remembers incorrectly. It is also true that two persons witnessing the same incident may see it or hear it differently. If different parts of the testimony of any witness or witnesses appear to you to be inconsistent, you should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily. If, however, you find that there is a genuine and irreconcilable conflict in the testimony, it is your function and your duty to determine which, if any, of the contradictory statements you will believe.

IV.

(COURT IS NEUTRAL; JURY AS FINDER OF FACTS)

As I mentioned at the beginning of the case, the court is entirely neutral about the outcome of the case. I do not want you to think that anything I have said, any instruction I have given you, any ruling I may have made on the evidence, or any statement I have made either to counsel or to you, implies that I have any position in this case at all, other than to give you fairly the law that you are required to apply, and to rule fairly and impartially on the evidence that has been submitted to you. I have absolutely no interest in how this case resolves itself, only in the procedure by which it is done.

As I told you before, it is for you, and you alone, to determine the facts of the case and the credibility of each witness.  If your recollection of the testimony varies with any statements that are inadvertently made by me or counsel for any party in reviewing the testimony, you have to be guided by your own memory and your recollection of the testimony.  You determine the facts from all of the testimony that you have heard, and the other evidence which has been received during the trial.  Neither I nor anyone else may infringe on your responsibility as the sole judges of the facts.  On the other hand, and of equal importance, you must accept the rules of law as I give them to you and apply those rules to the facts of the case.

V.

(BURDEN OF PROOF)

The first matter about which I will instruct you is the applicable burden of proof.  In civil cases such as this one, the Plaintiff has the burden of proving those contentions that entitle her to relief by a preponderance of the evidence.

The fair weight or preponderance of the evidence means evidence which has more convincing force when it is weighed against the evidence opposed to it so that the greater probability of truth lies therein.  If we visualize evidence as something weighed on an ordinary balance scale, and if the evidence admitted in support of a claim made by the party having the burden of proof is more weighty in probative value than the evidence offered in opposition so that it tips the scales on the side of that party, then that party has proved the claim by the fair weight or preponderance of the evidence.

If, on the other hand, the evidence admitted in opposition to the claim of the party having the burden of proof outweighs or equally balances the evidence produced in support of the claim, it can be said that there has been a failure to carry the burden of proof imposed by law.

It is important to note here that we speak of the quality of evidence, not necessarily its quantity. Also, all of the evidence admitted in support of, and in opposition to, a claim must be considered, and not just the evidence offered by the party having the burden of proof. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness or witnesses and which evidence you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to their testimony.

VI.

(EVIDENCE)

The evidence which you are to consider consists of the testimony of the witnesses and the exhibits offered and received into evidence. The proceedings during the trial have been governed by rules of law, and we have had a number of conferences to determine what evidence should be allowed to be submitted to you.

From time to time, it has been my duty to rule on evidence to be submitted, and you should not concern yourselves with the reasons for those rulings. You are not to consider any testimony or any exhibit to which I have sustained an objection, or any exhibit which may have been ordered stricken from the record, or which has not been introduced into evidence.

What the attorneys said to you is not evidence. They have argued to help you understand the facts and their respective theories of the case, but their arguments, again, are not evidence.

You must consider as evidence only the testimony and exhibits. If you find that any argument, statement or remark of counsel has no basis in the evidence, then you should disregard that argument, statement or remark. Similarly, if you find that anything I tell you about the facts is not based on the evidence, you should disregard that, too, because you are the finders of fact. It is up to me only to tell you what the law is.

VII.

(DIRECT & CIRCUMSTANTIAL EVIDENCE, INFERENCES)

In deciding the facts of this case, members of the jury, you should consider all of the evidence presented by the parties. Consideration of all of the evidence, however, does not mean that you must accept all of the evidence as true or accurate. In this connection, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received into evidence, regardless of who may have produced them; and all facts which have been admitted or stipulated by the parties.

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called direct evidence, such as testimony by a witness about what the witness said or heard or did. The other type of evidence is circumstantial evidence. Circumstantial evidence is proof of one or more facts from which you could find another fact.

(BUNNY RABBIT EXAMPLE)

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

While you may consider only the evidence in the case in arriving at your findings of fact, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  An inference is not a suspicion or guess.  A suspicion is a belief based on circumstances which do not amount to proof.  A guess is speculation or conjecture.  An inference, on the other hand, is a reasoned logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.  In other words, you may reach conclusions which reason and common sense lead you to reach from the facts which have been established by a preponderance of the evidence in the case.

There are times when different inferences may be drawn from the facts, whether proved by direct or circumstantial evidence.  The Plaintiff has asked you to draw one set of inferences, while the Defendant has asked you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

## VIII.

### (SUBSTANTIVE PRINCIPLES)

Ladies and Gentlemen, here are the principles of law that govern the Plaintiff's claims in this case.  Plaintiff is suing under the Americans with Disability Act of 1990 and the Pennsylvania Human Relations Act.  That law says that you can't discriminate against a person because that person has a relationship with a disabled person.

In this case, Ms. Buffington is alleging that PEC Management terminated her from her position as the General Manager at the Ellwood City Burger King because of her association with her son, DJ, who had a disability. In order for Ms. Buffington to recover on this discrimination claim against PEC Management, Ms. Buffington must prove that PEC

Management intentionally discriminated against her. This means that Ms. Buffington must prove that her association with her son was a determinative factor in PEC Management's decision to terminate Ms. Buffington.

Although Ms. Buffington must prove that PEC Management acted with the intent to discriminate on the basis of her association with a person with a disability, Ms. Buffington is not required to prove that PEC Management acted with the particular intent to violate Ms. Buffington's rights under the ADA and PHRA. Moreover, Ms. Buffington is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

PEC Management has given a nondiscriminatory reason for its decision to terminate Ms. Buffington. If you disbelieve PEC Management's explanations for its conduct, then you may, but need not, find that Ms. Buffington has proved intentional discrimination. In determining whether PEC Management's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question PEC Management's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of PEC Management or believe it is harsh or unreasonable. You are not to consider PEC Management's wisdom. However, you may consider whether PEC Management's reason is merely a cover-up for discrimination.  Pretext may be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in PEC Management's proffered legitimate reasons for its actions that a reasonable person could naturally find them unworthy of credence and hence infer that PEC Management did not act for the asserted non-discriminatory reasons.  An employee's own opinions that her performance was adequate is irrelevant to the issue of pretext.  Rather, it is what the employer thought of the employee's performance that is relevant, not the employee's

own evaluation of her own performance.  Further, I instruct you that an employee's lack of knowledge or notice as to an employer's policy is not material to your consideration of whether the employer's stated reason for its action is pretextual.  What is important is the employer's motivation.  A mere showing of pretext is insufficient to carry Plaintiff's ultimate burden.  "A reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason."  Stated differently, "'pretext' means 'pretext for discrimination.'"  The ultimate question in this employment discrimination case is whether the Plaintiff was the recipient of intentional discrimination because of the disability of her son.  This can be proved either by direct evidence or by circumstantial evidence.  It is true that in appropriate circumstances a plaintiff may create an inference of discriminatory motive with evidence that an employer's proffered reason for discipline is pretext by showing that similarly situated individuals were treated differently under similar circumstances.  However, it is essential that the plaintiff advancing such evidence establish that she was similarly situated to other employees in all material respects.  This does not mean that the circumstances have to be identical.  "Context matters in assessing the factors relevant to the inquiry of whether two employees are similarly situated."

   Therefore, the question is whether Ms. Buffington has produced sufficient evidence for you to find that PEC Management terminated her *because* of her son's disability.  Under the ADA's association provision, there is a material distinction between terminating an employee because of a relative's disability and terminating an employee because of the need to take off to care for the relative.  Ms. Buffington was not entitled to accommodation or special treatment on account of her son's disability.

Ultimately, you must decide whether Ms. Buffington has proven that her association with her son DJ, who was a person with a disability, was a determinative factor in PEC Management's decision to terminate her. Determinative factor means that if not for Ms. Buffington's association with her son, the termination would not have occurred.

IX.

(DAMAGES)

I will now instruct you on the law as it relates to damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendant should be held liable.

If you find by a preponderance of the evidence that PEC violated Ms. Buffington's rights under the ADA by discharging her from her duties of General Manager at Burger King Restaurant, then you must consider the issue of damages. You must award the Plaintiff an amount that will fairly compensate her for any injury she actually sustained as a result of the PEC Management's conduct. The damages you award must be fair compensation, no more or not less. The award of compensatory damages is meant to put Ms. Buffington in the position she would have occupied if the discrimination had not occurred. Ms. Buffington has the burden of proving damages by a preponderance of the evidence.

Ms. Buffington must show that the injury would not have occurred without PEC Management's act. Ms. Buffington must also show that PEC Management's act played a substantial part in bringing about the injury, and that the injury was either a direct result of a reasonably probable consequence of PEC Management's act. This test – a substantial part in bringing about the injury – is to be distinguished from the test you must employ in determining whether PEC Management's actions were motivated by discrimination. In other words, even

assuming that PEC Management's actions were motivated by discrimination, Ms. Buffington is not entitled to damages for an injury unless PEC Management's discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury. To find that PEC Management's act caused Ms. Buffington's injury, you need not find that PEC Management's act was the nearest cause, either in time or space. However, if Ms. Buffington's injury was caused by a later, independent event that intervened between PEC Management's act and Ms. Buffington's injury, PEC Management is not liable unless the injury was reasonably foreseeable by PEC Management.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. If you find in favor of the Plaintiff, but you find that the Plaintiff's damages have no monetary value, then you must return a verdict for the Plaintiff in the nominal amount of one dollar.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Ms. Buffington experienced as a consequence of PEC Management's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Ms. Buffington would have earned, either in the past or in the future, if

she had continued in employment with PEC Management. These elements of recovery of wages that Ms. Buffington would have received from PEC Management are called "back pay" and "front pay." Should you find that the Plaintiff is entitled to recover wages, the jury will only be asked to only consider "front pay" which would be awarded separately, and any amounts for compensatory damages or front pay are to be entered separately on the verdict form.

With regard to front pay, you may determine separately a monetary amount equal to the present value of any future wages and benefits that plaintiff would reasonably have earned from the defendant had plaintiff not been discharged for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits plaintiff might receive from other employment during that time. Plaintiff has the burden of proving these damages by a preponderance of the evidence. If you find that plaintiff is entitled to recovery of future earnings from defendant, then you must reduce any award by the amount of the expenses that plaintiff would have incurred in making those earnings. You must also reduce any award to its present value by considering the interest that plaintiff could earn on the amount of the award if she made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to plaintiff if she receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because plaintiff can earn interest on it for the period of time between the date of the award and the date she would have earned the money. Thus you should decrease the amount of any award for loss of future earnings by the amount of interest that plaintiff can earn on that amount in the future.

You may also award damages for monetary losses that Ms. Buffington may suffer in the future as a result of PEC Management's act. For example, you may award damages for loss of

earnings resulting from any harm to Ms. Buffington's reputation that was suffered as a result of PEC Management's act. Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, she may find it more difficult to be employed in the future, or may have to take a job that pays less than if the act of discrimination had not occurred. That element of damages is distinct from the amount of wages Ms. Buffington would have earned in the future from PEC Management if she had retained the job.

As I instructed you previously, Ms. Buffington has the burden of proving damages by a preponderance of the evidence. But the law does not require that Ms. Buffington prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

In assessing damages, you must not consider attorneys' fees or the costs of litigating this case. Attorneys' fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorneys' fees and costs should play no part in your calculation of any damages.

I will now also give you a few guidelines on how to deliberate upon the evidence you have heard.

X.

(VERDICT & JURY'S CONDUCT DURING DELIBERATIONS)

Ladies and gentlemen, I am going to instruct you on your deliberations, what you are to do when you retire to the jury room. First, the attitude and conduct of the jury at the outset of the deliberations are matters of considerable importance. When you retire to the jury room for your deliberations, they should proceed in an orderly way. The first order of business in the jury room will be to select one of you to act as foreperson. You are free to select any one of you to act in

that capacity.  The foreperson will preside over your deliberations and will speak for you here in court, should that become necessary.  One more thing about the foreperson.  The fact that somebody is a foreperson does not mean that his or her vote is entitled to any greater weight than the vote of any other juror.

Now, in the course of your deliberations, if you should find yourself in doubt concerning any part of my instructions to you about the law, you may request further instructions.  In that event, you should transmit a note, signed by the foreperson, to me through the bailiff.  Nobody should try to communicate with the court by means other than a signed writing.  I will not communicate with any juror on any subject relating to the merits of the case except in writing or orally here in court with all counsel present.

You should not, at any time, reveal, even to the court, how you stand numerically until you have reached a verdict.  Your responsibility to reach a fair conclusion from the evidence and the applicable law is an important one.  Your verdict should be reached only after careful and thorough deliberations during which you should consult with each other and discuss the evidence and the reasonable inferences to be drawn from the evidence freely and fairly in a sincere effort to arrive at a just verdict.

It is your duty to consider the evidence with a view toward reaching agreement on a verdict if you can do so without violating your individual judgment and conscience.  You must decide the case for yourself, examining the issue in evidence with candor and frankness, and with proper deference to and with regard to the opinions of each other.  Mature consideration requires that you be willing to re-examine your own views and to change your opinions if you are convinced that your opinions lack merit or validity.  On the other hand, while you may

maintain this flexibility, no juror is required to surrender his or her honest conviction as to the weight or effect of the evidence because another juror's opinion differs from his or hers, or for the mere purpose of returning a verdict.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.
Keep in mind that the dispute between the parties in this case is for them a most serious matter.  They and the court rely on you to give full and conscientious deliberation and consideration to the issues and evidence before you.  You should not allow prejudice or sympathy to influence your deliberations.  You should not be influenced by anything other than the law and the evidence in the case.  All of the parties stand equal before this court, and each is entitled to the same fair and impartial treatment at your hands.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

It is proper to add the caution that nothing said in these instructions or nothing in the form of verdict prepared for your convenience is meant to suggest or convey, in any way or

manner, any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

You will note from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching on the merits of the case.

A Verdict Form has been prepared for your convenience.   You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, sign, and date the form.  Each of you will then sign the verdict form.  The foreperson should then seal the Verdict in the Envelope.  Now I'm going to go over that form with you.  Caren, will now give each of you a copy so that you can follow along.

(SIDEBAR)

Have I omitted or misstated anything?

Swear clerk as bailiff.

(OPEN COURT)

Now, ladies and gentlemen of the jury, I am about to direct that you be taken to the jury room for deliberation on the verdict which you are going to be required to render.  Take up the case carefully for it is an important case both to the Plaintiff and the Defendant.  Give each item careful consideration and arrive at a proper verdict.  Have your foreperson record the verdict slip as to each count and interrogatory on the verdict slip, return the verdict slip as directed to us at the appropriate time, and your verdict will then be announced in open court.  Your verdict should

be one which you feel justice dictates after calm and deliberate consideration of all the evidence.

Do not be hasty or impetuous, but be true to the oath which you have taken.

        Check exhibits.

        Excuse jury.