IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THERESA BUFFINGTON, | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) ) | Civ. No. 1:11-cv-229 Erie |
| PEC MANAGEMENT II, LLP d/b/a BURGER KING, | ) ) ) ) | Judge Maurice B. Cohill |
| Defendant | ) ) | |

## OPINION

Pending before the Court is Plaintiff, Theresa Buffington's ("Buffington") Motion for Attorney's Fees and Expenses [ECF No. 106] pursuant to 42 U.S.C § 12205 ("Attorney's Fees") which states, "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs. . . ."

On October 4, 2011, Buffington filed a Complaint in Civil Action [ECF No. 1] seeking compensatory and punitive damages, as well as costs and attorneys' fees, as a result of being terminated by PEC Management II, LLP ("PEC") the Defendant. Buffington alleged that she was terminated because of her association with a person with a disability, namely her son who had cancer, violating the Americans With Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 120101, et. seq., and the Pennsylvania Human Relations Act, as amended ("PHRA"), 43 P.S. § 951 et. seq. PEC denied all allegations asserting that Buffington was terminated due to a violation of company policy.

A jury trial was conducted in October 2013 and on October 18, 2013 the jury rendered a

verdict in favor of Buffington awarding her front pay of $115,000 and compensatory damages of $70,000. The parties stipulated to back pay damages of $43,156.06. [ECF No. 106 at 2]. The Americans with Disabilities Act of 1990, 42 U.S.C. § 12205 authorized district courts to award reasonable attorneys' fees to the prevailing party of the litigation.

In her Motion for Attorneys' Fees Buffington requests reimbursement for the following attorneys' fees and costs:

| | |
|---|---|
| Attorney David Spear: 651.30 hours at $400 per hour: | $260,520 |
| Attorney Erin B. Freiz: 397.33 hours at $180 per hour: | $71,520 |
| Attorney Jessica Michael: 140.4 hours at $180 per hour: | $25,272 |
| Attorney Elena Rovner: 6.8 hours at $180 per hour: | $1,224 |
| Attorney Jennifer Mees: 48.4 hours at $180 per hour: | $8,712 |
| **Total Goldman Schafer & Spear P.C. fees:** | **$367,248.00** |
| **Total costs:** | **$11.259.23** |
| **Total fees and costs:** | **$378,507.23** |

Plaintiff substantiates her claim for attorneys' fees by offering affidavits of the attorneys who billed the hours as well as affidavits of other attorneys, which state that the hourly rates billed by the law firm of Goldman Schafer & Spear, P.C. is fair and reasonable. [Id. at 5-7] and related Exhibits. Plaintiff also submitted a Declaration from Attorney Christian Bagin [ECF No. 106 at Exhibit 5], which states that the billable rate of Attorney Spear ("Spear") is "reasonable and well within the range of prevailing rates for employment lawyers with comparable skill and experience in the Pittsburgh market." Id. at 4. PEC objects to the fees and costs sought. PEC first contends the hours for which Plaintiff seeks reimbursement are excessive, unwarranted

2

and/or not reasonably expended. Second, PEC claims that certain of the costs for which Plaintiff seeks reimbursement are improper. Finally, PEC contests the hourly rate assigned to Spear because it is not appropriate in the forum in which the litigation took place. [Defendant's Response in Opposition to Plaintiff's Motion for Attorneys' Fees, ECF No. 108]. Plaintiff filed a Reply to Defendant's Response [ECF No. 112] on January 10, 2014 and Defendant filed a Sur-reply to Plaintiff's Reply [ECF No. 115] on January 27, 2014. Based on the reasoning provided below, we will grant in part and deny in part Plaintiff's Motion for Attorneys' Fees and Costs.

**I. Relevant Facts.**

PEC is a franchisee of Burger King Corporation with its headquarters located in Erie, Pennsylvania [PEC's Concise Statement of Material Facts, ECF No. 33, at 1]. Buffington was employed by PEC in a restaurant management capacity from December 2003 until November 2010 [Id. at 2]. Buffington first was the General Manager of the Beaver Falls Burger King. She was transferred from Beaver Falls to the Ellwood City restaurant in June 2006 and worked there until she was terminated. [Id. at 3]. Buffington lives in Ellwood City, Pennsylvania [Plaintiff's Reply ECF No. 112 at 8], which is approximately 102 miles (1 hour and 39 minutes) from Erie [ECF No. 112 at 8] and approximately 30 miles from Pittsburgh. [Id. at 14.] Buffington hired Spear as her attorney in the matter. Spear is based out of Pittsburgh, Pennsylvania approximately 2 hours from Erie, Pennsylvania. [ECF No. 112 at 8]. Matthew McCullough ("McCullough"), the attorney for PEC, is based out of Erie, Pennsylvania where the litigation took place. Because PEC is located in Erie this case was properly brought in the Western District of Pennsylvania, Erie Division. [ECF No. 108 at 9].

## II. Legal Analysis

For purposes of attorneys' fees, a plaintiff is considered a prevailing party if she succeeds on any significant issue which achieves some of the benefit sought in bringing suit. See Farrar v. Hobby, 506 U.S. 103, 109 (1992). An award for attorneys' fees to a prevailing party is calculated using the lodestar approach under which "a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Interfaith Community Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n. 5 (3d Cir. 2005). "The district court has the discretion to make certain adjustments to the lodestar." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d. Cir. 1990). "Attorneys seeking compensation must document the hours for which payment is sought 'with sufficient specificity'" Washington v. Phila. Cnty. Court of Common Pleas, 89 F.3d 1031, 1037 (3d Cir. 1996) (quoting Keenan v. City of Phila., 983 F.2d 459, 472 (3d Cir. 1992)). In assessing whether an attorney's time was "reasonably expended," the Court must ask whether the attorney exercised "billing judgment."

> [c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

Hensley, 461 U.S. at 434 (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The fee applicant must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stetson,

4

465 U.S. 886, 896 n. 11 (1984). "The party opposing the fee award has the burden to challenge 'by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.'" Rode v. Dellarciprete, 892 F.2d at 1183. Determining a reasonable hourly rate generally "is calculated according to the prevailing market rates in the relevant community." Loughner, 260 F.3d at 180. "In most cases, the relevant rate is the prevailing rate in the forum of the litigation." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 705 (3d Cir. 2005).

A three-step burden-shifting framework is followed to arrive at the appropriate hourly rate. First, the prevailing party must establish a prima facie case by producing sufficient evidence of a reasonable market rate for the essential character and complexity of the services rendered. See Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001). Second, if a prima facie case has been established, the opposing party must produce record evidence to contest this rate. See id. Finally, if the reasonable market rate is in dispute, the Court must decide the appropriate market rate based on the record.

This issues to be determined by the Court in this case are: (1) Whether the proper forum for determining the reasonable billable hourly rate for Plaintiff's attorney is the Western District of Pennsylvania as a whole, which includes Pittsburgh or whether the proper forum is Erie, where the litigation took place; (2) What the reasonable hourly billable rate would be for an attorney of like background, experience, and expertise to Attorney Spear; and (3) Whether the hours billed and fees and costs requested by Plaintiff are reasonable and appropriate for this case.

### A. Hourly Rate of Plaintiff's Attorney

#### a. Relevant Forum

Plaintiff asserts that the billable rate of Spear of $400.00 is appropriate. The Third

Circuit has held that a requested fee was reasonable under the Community Market Rate Rule, based upon affidavits of other plaintiffs' attorneys performing similar legal work in the community. See Washington v. Philadelphia County Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). In support of Plaintiff's assertion she has submitted affidavits of all the attorneys who billed the hours in relation to this case, including Spear. [ECF No. 106, Exhibits 1, 5, 7, 8, 10, 12]. In addition, Plaintiff included Exhibit affidavits of other attorneys endorsing the rates billed by Spear and his associate attorneys in this case. See Id. at 2-4, 6, 9, 11, 13. Defendant objects to the affidavits submitted by the billing attorneys because they are self-serving and may be rejected by the Court. See e.g. Homes v. Millcreek Township Sch. Dist., 205 F.3d 583, 595 (3d Cir. 2000). [ECF No. 108 at 19 n.5]. Defendant further notes that of the affidavits of support authored by peer attorneys only swear to the fact that Spear's rates are the prevailing rates in the Pittsburgh or the Western District of Pennsylvania Legal Market. See id. A threshold question we must address is determining the appropriate forum from which to derive the appropriate fee for Plaintiff's Attorney Spear.

Defendant contends that the hourly rates proposed by Plaintiff, particularly for Attorney Spear, are substantially in excess of the prevailing market rates in the relevant market, which Defendant believes in this case is Erie, Pennsylvania and Northwestern Pennsylvania. [ECF No. 108 at 19]. More specifically, the Defendant states the applicable market is the community where the forum court presides, and not where the individual lawyer's office is located. See Interfaith Community Organization v. Honeywell International, Inc., 426 F.3d 694, 705 (3d Cir. 2005); Connor v. Sedgwick Claims Management Svcs., Inc. 2012 WL 6595072 *3 n.3 (D.N.J Dec. 18, 2012) (determining that the forum of the litigation was Camden, New Jersey, located in

south New Jersey, and refusing to apply rates prevailing in northern New Jersey.) Defendant goes on to state that Spear has not provided any substantiation that the rates charged by him and his associates is the reasonable or the prevailing rate in the relevant market, forum or community, which Defendant believes to be Erie/Northwestern Pennsylvania. [ECF No. 108 at 20 n.5]. Defendant further states that the Western District of Pennsylvania is comprised of three distinct divisions – the Pittsburgh Division, the Erie Division and the Johnstown Division. Each division has its own federal courthouse, panel of judges, and judicial resources. Therefore, making the case that the Erie Division of Western District of Pennsylvania is distinct and separate from the Pittsburgh Division though they are both part of the Western District. See id. at 21. As such, Defendant finds that the appropriate forum is Erie/Northwestern Pennsylvania and not the Western District as a whole or the Pittsburgh legal market.

Plaintiff refutes Defendant's assertions saying there are unique facts to this case and the appropriate forum for determining the prevailing market rate for Plaintiff's attorneys should be the entire Western District of Pennsylvania. [ECF No. 112 at 20]. Plaintiff proposes that while this case was tried in Erie, Plaintiff neither worked nor lived in Erie or in any county that would be placed in the Erie division. See id. at 16. Further, none of the facts that gave rise to the action occurred in Erie. See id. Finally, of particular note is that the Plaintiff was situated only 30 miles from Pittsburgh, but 101 miles from Erie. See id. Plaintiff cites to a case litigated in Johnstown, part of the Western District of Pennsylvania, Duttry v. Clearfield Cty., Dkt. No. 3:09-CV-00274-KRG, Civ. No. 2009-274 (March 25, 2011). In this case, Judge Gibson quotes case law stating, "[A]n out of town lawyer would receive not the hourly rate prescribed by his district, but rather the hourly rate prevailing in the forum in which the litigation is conducted." Valenti v.

7

Allstate Ins. Co., 243 F.Supp. 2d 200, 206 (M.D. Pa. 2003) (citing Public Interest Research Group of New Jersey Inc. v. Windfall, 51 F.3d 1179, 1185-86 (3d Cir. 1995)). *However*, Judge Gibson makes the determination that the "community" is the Western District of Pennsylvania and the declarations submitted by fellow attorneys attesting to their knowledge of the skill and reputation of Plaintiff's attorneys (from Pittsburgh) justified the prevailing community rate of $350-$450 per hour. Judge Gibson granted Plaintiffs' requested attorneys' fees of $300 per hour.

While Judge Gibson's decision seems pertinent to the Court's decision in this case, upon further review of Duttry, the defendants opposed plaintiffs' Attorney Bagin's fees of $300 per hour based on his skill and experience not because they thought the rate was inappropriate for the forum of Johnstown. In addition, the defendants noted that the $300 per hour was appropriate for plaintiffs' attorney Wienand as they considered him an attorney with greater skill and expertise than Attorney Bagin. Without forum being an issue in this case, this Court does not accept the case as precedent on the issue of proper forum rate and considers it only instructive. Furthermore, this Court takes judicial notice of the fact that the declarations in Duttry called for fees higher than what plaintiffs' attorneys were requesting and Judge Gibson declined to grant the higher fees.

Plaintiff makes an effort to distinguish cases cited by Defendant by speculating that rates have increased since certain opinions were issued, by relying on semantics when Judges have declared a rate reasonable for the "Western District of Pennsylvania" without providing further evidence that the forum was at issue, and by asserting the facts of this case are unique because the facts of this case did not arise in Erie, but rather at a site closer to Pittsburgh. We do not find any of Plaintiff's assertions convincing as they rely on speculative assertions rather than sound

law based on facts of precedential cases.

Finally, Plaintiff, in her Reply to Defendant's Response [ECF No. 112] states, even if the Court determines the appropriate forum is Erie/Northwestern Pennsylvania that Plaintiff qualifies to receive the Pittsburgh rate because this case falls under one of the exceptions to the community market rule. See id. at 20. Namely, "[I]f a prevailing party can show that it required the particular expertise of counsel from another vicinage, or that local counsel were unwilling to take on the litigation then, it will be entitled to compensation based on prevailing rates in the community in which its attorneys practice." Interfaith Community Organization v. Honeywell Intern., Inc. 426 F.3d 694, 699 (3d Cir. 2005). It is conceded that Plaintiff did not seek counsel in or around Erie, however, Plaintiff attempts through affidavits, to prove that she could not have found an attorney to take her case in the Greater Erie area due to the difficulty and financial risk of taking such a case. Defendant responds to this assertion by stating that the Plaintiff has not submitted competent evidence that attorneys in Erie/Northwestern Pennsylvania would be unwilling or unable to represent her. [ECF No. 115 at 5]. In Interfaith, the Third Circuit refused to affirm the District Court's conclusion that the Plaintiff was justified in retaining a District of Columbia lawyer stating, "[T]he record is devoid of any evidence that [the plaintiff] conducted a significant search for counsel with the ability to handle this case." Interfaith, 426 F.3d. at 705. We think the record in this case lacks the same substantive information and we will again not speculate or extrapolate to a conclusion.

The case law is clear, that the appropriate hourly rate prevailing in the forum in which the litigation is conducted is the appropriate rate to be used in the lodestar calculation for the determination of attorneys' fees. The docket reflects, that the forum of litigation was correctly

decided to be in the Erie District and was even affirmed over a Motion to Change Venue [ECF No.3]. Therefore, the location of Plaintiff or Plaintiff's work where the case arose is of no consequence to our opinion nor is her geographic convenience to her lawyer. In addition, it is our experienced opinion, after over twenty-five years of hearing cases both in the Pittsburgh District and in the Erie District of Western Pennsylvania that the two districts are separate and distinct in their legal markets and supporting resources and certainly have different economic situations. Therefore, it is our opinion that the proper forum for determining the rate of Attorney Spear in the case at hand is the forum of Erie/Northwestern Pennsylvania, and that a determination of the Western District of Pennsylvania is much too broad when forum rate is at issue. Furthermore, we find that no exceptions apply to our application of the Erie/Northwestern Pennsylvania forum rate. Our next task will be to determine what the proper forum rate is in the Erie legal market.

### b. Forum Rate

Defendant in its Response in Opposition to Plaintiff's Motion for Attorneys' Fees [ECF No. 108] and in its Sur-Reply to Plaintiff's Reply [ECF No. 115] provides several cases where Judges reduced the billable rate of attorneys to bring them in line with the Erie forum rate. We concentrate on plaintiff's attorneys rates here specifically, because the nature of the plaintiffs work in civil rights cases is vastly different from the nature of the defense in these cases. In Kurschinske v. Meadville Forging Co., 2008 WL 4462294 (W.D.Pa. Sept. 30, 2008), plaintiff prevailed in a Title VII lawsuit and motioned for attorneys' fees of $350.00 per hour. Though the rate was uncontested, Judge McLaughlin reduced the rate to $275 per hour as a reasonable rate stating, "Here, we find, based on the Court's familiarity with litigation rates in the Western

10

District of Pennsylvania, that $275.00 per hour is a reasonable hourly rate based upon the nature of the litigation and plaintiff's counsel's background and experience." Id. at *4. The Court did not find that the attorney had met her burden of establishing the reasonableness of her rate. See id. at *3. Defendant further supports his position by citing to United Refining Co. Incentive Sav. Plan v. Morrison, Civil Action No. 1:12-CV-238, 2014 WL 126004 (W.D. Pa. Jan.10, 2014), where the attorney requested compensation at the rate of $500.00 per hour, supported only by his own affidavit that his rate was fair and reasonable given his experience and skill level and the rate structure of the community. Magistrate Judge Baxter determined that the attorney failed to carry his burden of establishing that the requested rate was reasonable and found $250 per hour to be a reasonable and an appropriate hourly rate for the attorney. District Judge Nora Barry Fischer adopted the Report and Recommendation of Judge Baxter. [ECF No. 115 at 8-9].

Defendant in its Response [ECF No. 108] gives various hourly rates in the Erie Market including his own rate. Plaintiff distinguishes the scenarios presented by Defendant and asserts that Spear is entitled to the $400 rate. The issue the Court must decide is whether the Plaintiff has satisfied her burden in establishing that Spear's billing rate of $400 per hour is a reasonable market rate for the essential character and complexity of the services rendered in the Erie/Northwestern Pennsylvania forum. We do not believe that Plaintiff has met that burden. While Plaintiff submitted affidavits of her own attorneys and supporting affidavits and declarations of other attorneys in the Pittsburgh area, Plaintiff provided no evidence that $400 per hour was an appropriate rate for the Erie legal market. In contrast, Defendant cited various examples of hourly rates in the Erie market all of which seem to be lower or were reduced to less than $400 per hour. The scenarios may not have been identical to this case but they were similar

11

enough to convince the Court that $400 per hour is not a reasonable rate for Attorney Spear's work performed in this case. Using the examples determined by this Honorable Court by Judges familiar with the Erie market, we find that a reasonable rate for Attorney Spear's for purposes of awarding attorneys' fees in this case is $300 per hour.

### B. The Number of Hours Claimed by Plaintiff's Attorneys

#### a. Indexing Depositions

Plaintiff requested reimbursement for a total of 62.7 hours of attorney time "indexing deposition transcripts." Total fees requested for this task were $11,484.00. [ECF No. 108 at 5-6]. Defendant asserts that the time spent was excessive and, furthermore, should have been billed at the rate for a paralegal, instead of attorney and that the appropriate rate is $115 instead of $180. Defendant asserts that the fees should be reduced by two-thirds for this task. See id. at 6. Plaintiff's attorney does not employ paralegals and feels that the work is work that an attorney should perform as it was critical to his litigating the case. [ECF No. 112 at 11]. However, Plaintiff does concede that the number of hours expended on this task was too great. Plaintiff asserts that the number of hours should be reduced by one-third instead of two-thirds.

There were a large number of depositions taken in this case and they were extensively used during the course of the 7-day trial. We are comfortable with the fact that an attorney and not a paralegal was appropriate to perform the work at an attorneys' rate for such a crucial part of the litigation strategy. However, an attorney who performs this type of work should be more skilled at it and therefore, it should be completed in a timely fashion. We find that the hours billed for indexing deposition transcripts should be reduced by two-thirds from 61.8 hours to 20.6 hours. Therefore, the appropriate fee for this task is $3,708.00 (20.6 x 180).

### b. Responding to Defendant's Motion for Summary Judgment

Defendant contests the amount of time billed by Plaintiff in relation to Defendant's Motion for Summary Judgment claiming it is highly excessive and unreasonable. Defendant asserts that the total number of hours spent on responding to Defendant's Motion for Summary Judgment should be reduced by no less than 50 percent. [ECF No. 108 at 9]. Defendant basically criticizes Plaintiff's use of time and legal skills.

Plaintiff responds, "The biggest reason Plaintiff's response took such a significant number of hours was the excessive length of Defendant's filings. [ECF No. 112 at 3]. This Court having read through all the pleadings and having issued an Opinion and Ruled on the Motion for Summary Judgment [ECF No. 47], is well aware of the voluminous pleadings involved in this case and the great amount of time it takes to thoroughly review and respond. We find that Plaintiff's time spent responding to Defendant's Motion for Summary Judgment is reasonable and his requested attorneys' fees are justified.

### c. Attempt to Change Venue

Defendant contests Plaintiff's request for reimbursement of attorneys' fees with regard to time billed on the Motion to Change Venue because this Motion was denied. [ECF No. 3 and 9]. The time spent on this motion was 2.3 hours by Attorney Spear and 2.7 hours billed by Attorney Friez amounting to $1,406.00. [ECF No. 108 at 10]. Plaintiff objects to the reduction of fees associated with this Motion quoting Hensley, 461 U.S. at 435, "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . In these circumstances the fee award shall not simply be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." However, Hensley also supports the position where a plaintiff

13

succeeds on some claims but not on others, the district court should not award counsel fees for time "that would not have been spent had the unsuccessful claims not been pursued." Lanni v. New Jersey, 259 F.3d 146, 151 (3d Cir. 2001) (citing Hensley, 461 U.S. at 436-37).

We find that the attorneys' fees should be reduced by the amount billed for work on the Motion to Change Venue. The fee is not being reduced because the Plaintiff may have failed on a contention in the lawsuit, but rather it is being eliminated because this was time spent on a futile and unsuccessful Motion that should not have been pursued because the language of Local Civil Rule of Court for the Western District of Pennsylvania (LCvR) 3 ("Assignment to Erie, Johnstown or Pittsburgh Docket") is clear and mandatory and venue was proper. The Rule states, "Where it appears from the complaint, petition or other pleading that the claim arose OR any plaintiff or defendant resides in: Crawford, Elk, Erie, Forest, McKean, Venango, or Warren County, the Clerk of Court shall give such complaint, petition or other pleading an Erie number and it shall be placed on the Erie docket . . . All other cases or matters for litigation shall be docketed and processed at Pittsburgh." Plaintiff's fees shall be reduced accordingly.

### d. Trial Director Training

Defendant contests that the time spent learning how to operate computerized litigation software tool is time appropriately designated as overhead expense and should not be charged to a client nor should it be passed on to Defendant in an award of attorneys' fees. [ECF No. 108 at 11].

Plaintiff agrees that this task was administrative in nature and agrees to eliminate the amount of fees requested by $1,242.00 covering the trial director training time. [ECF No. 112 at 13]. We agree with this reduction.

### e. Motions in Limine

Defendant contends that Plaintiff is seeking excessive attorneys' fees consisting of 78.7 hours of work equaling $21,272.00 in fees. Defendant believes Plaintiff's attorney time should be cut by 50 percent. [ECF No. 108 at 12]. Defendant also contests the hours spent by Plaintiff responding to Defendant's Motions in Limine. Again, Defendant asserts that the 108.9 hours billed are excessive and unwarranted when responding to straightforward motions in limine. See id. Furthermore, Defendant says the block billing produced by Plaintiff precludes the Defendant from the ability to make a more precise analysis of the time spent by the Plaintiff's attorney. See id.

Plaintiff agrees that the block billing does not tell the whole picture and defends against Defendant's assertions by saying that the hours billed were not exclusive to the motions in limine but included other tasks related to the Buffington litigation. Plaintiff asserts that only 55.8 hours were spent on Plaintiff's Motions in Limine and 39.4 hours were spent responding to Defendant's Motions in Limine. [ECF No. 112 at 5-7].

We do not believe that the hours billed were excessive and find that Plaintiff was justified in the amount of fees sought based on the amount of preparation that was required for this case.

### f. Travel Time

Plaintiff's Motion includes a request for reimbursement of attorneys' fees representing the time spent by her attorneys traveling between Pittsburgh and Erie. Attorney Spear claimed 20 hours of travel time and Attorney Friez claimed eight hours of travel time. Defendant believes that the time and costs associated with this travel should be eliminated from the request for attorneys' fees. Defendant cites to the case, Kurschinske v. Meadville Forging Co., 2008 WL

15

4462294 (W.D.Pa. Sept. 30, 2008), which was a case litigated in Erie by Pittsburgh attorneys on either side. In this case the defendant challenged plaintiff's counsel's request for reimbursement for hours expended on travel between Pittsburgh and Erie, as well as costs associated with that travel. [ECF No. 108 at 14-15]. Judge McLaughlin took judicial notice that the travel time between Erie and Pittsburgh is approximately two hours and reduced travel time and gas expenses by two-thirds based on the fact that the Plaintiff could have retained counsel in her hometown of Meadville, which is 40 minutes from Erie.

Plaintiff's response to the assertion by Defendant is noted by this Court. That is to say, that Judge McLaughlin's ruling in Kurschinske is not entirely on-point with our issue in this case. Judge McLaughlin reduced the total travel time (and costs) requested by plaintiff by the approximate distance between Plaintiff's *hometown* of Meadville to Pittsburgh, thus allowing only for travel time and costs to be reimbursed from Meadville to Erie.

We have determined above that Erie/Northwestern Pennsylvania is the proper forum for determining the appropriate billing rate when attorneys' fees are awarded to a prevailing party. Our decision regarding travel fees and costs logically follows. Our reasoning for reducing the appropriate rate of attorneys' fees was that the litigation forum was Erie/Northwestern Pennsylvania and the Plaintiff did not seek counsel there prior to hiring a Pittsburgh attorney. Similarly, with relation to travel time and costs; if Plaintiff did not seek to hire an attorney in Erie and there were possible choices for representation in the Erie forum, then we do not see it fit for the Defendant to pay for costs and time traveled when that might have been avoided.

In Hahnemann University Hosp. v. All Shore, Inc., 514 F.3d 300 (3d. Cir. 2008), Hahnemann University Hospital, as assignee of patient's claim for benefits, sued the health

16

benefit plan and the plan administrator to recover benefits owed pursuant to Employee Retirement Income Security Act (ERISA). ERISA allows a prevailing party to recover "a reasonable attorney's fee and costs of the action." 29 U.S.C. § 1132(g)(1). The litigation took place in the United District Court for the Eastern District of Pennsylvania. However, Hahnemann hired Counsel from Colorado to litigate a case in Pennsylvania and when the case was appealed to the Third Circuit the appellants argued that they should not be responsible for Hahnemann Counsel's travel costs. Hahnemann University, 514 F.3d at 310. They further stated that if Hahnemann had hired competent local counsel these expenses would have never been incurred. See id. at 310-12. The Third Circuit agreed with appellant. "We have stated that 'under normal circumstances, a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel.'" Id. at 312 (quoting Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 710 (3d Cir. 2005). The Third Circuit found that no exceptions applied in Hahnemann. "In this case, there is nothing in the record to suggest that counsel from within the forum was unwilling to represent Hahnemann in this straight forward, albeit lengthy Section 1132(a)(1)(B) action." Id. The Third Circuit remanded to the District Court to determine whether counsel in the forum would have been unwilling to represent Hahnemann to allow an exception to apply. See id.

As stated above, in the case at hand, we have already determined that no exception applies here. Plaintiff never sought counsel in the Erie area and was unable to sustain her burden of proof that no attorney in the Erie area would take her case. Case law that supports the award of attorneys' travel time and costs likely did not contemplate the difference in forum issue that is present in this case. Therefore, we find that time billed and costs incurred for travel from

17

Pittsburgh to Erie will not be awarded to Plaintiff in this case.

### g. Duplicate Trial Time

The trial of this case took place over the course of seven days. During all seven days of trial, Attorney Spear represented Plaintiff in first chair and Attorney Freiz represented Plaintiff in second chair. Plaintiff has requested reimbursement for all trial hours for both Spear and Freiz. The total hours requested for Plaintiff are 87.2 hours for Attorney Spear and 83.6 for Attorney Friez totaling $49,928.00 in fees. [ECF No. 108 at 16]. Defendant contests the full reimbursement for all hours spent by Attorney Freiz because it claims that Freiz did not actively participate in the trial. See id. Defendant requests a reduction in the trial hours of Freiz by 50 percent. Id.

Plaintiff asserts that she is entitled to the full amount of the hours Freiz billed attending the 7-day trial. [ECF No. 112 at 9]. We agree with Plaintiff in that we find Defendant has made a bald and uneducated assertion of the necessity of Attorney Freiz during the trial. It is not uncommon for Counsel to have second chair attorneys during litigation and there is no way for Defendant to know or the Court to determine the necessity of Ms. Freiz to the success of the Plaintiff's case during litigation. "[I]ndeed, the use of a second attorney 'may be essential for planning strategy, eliciting testimony or evaluating facts or law.'" Gentner v. Cheyney University of Pennsylvania, 1999 WL 993999 *3(E.D. Pa. 1999) (quoting Williamsburg Fair Housing Comm. v. Ross-Rodney Housing Corp., 599 F. Supp. 509, 518 (S.D. N.Y. 1984).

### C. Costs

#### a. Travel

We find that time billed and costs incurred from travel from Pittsburgh to Erie will not be

awarded to Plaintiff in this case. Please see discussion supra at II.B.f.

### b. Food (Non-Trial)

The parties dispute whether expenses in the amount of $307.79 to cover food during late night work out of trial time should be awarded to Plaintiff. Plaintiff's attorney states it is customary for him to bill clients for reimbursement of dinners on occasions when he is working late on a client's case. [ECF No. 112 at 15]. We believe such billing arrangements between client and attorney is specific to the attorney-client agreement/relationship. If the client agrees that such expenses are necessary for the success of her case, then we assume she will not take issue with paying such expenses. However, in an award situation, we decline to order Defendant to pay such expense. We do not find late night meals outside of the litigation time-period to be a reasonable cost of litigation. Such expenses could be attributable to time-management issues for which the Defendant should not be penalized. Therefore $307.79 shall be deducted from Plaintiff's award.

## III. Handwritten and Computerized Notes

Defendant takes issue with Plaintiff's block billing reports and finds them to be vague and devoid of enough detail to determine whether time billed is truly excessive. [ECF No. 115 at 9]. To this end Plaintiff responded by saying he was able to refer to "personal billing records kept by counsel during relevant time," and was able to determine the exact time spent on Motions in Limine separate from other case related tasks. [ECF No. 112 at 5]. Therefore, Plaintiff was able to refute the "excessive time spent" on motions that Defendant asserted. Defendant does not request the production of Plaintiff's attorneys' "personal" documents; it simply states that they were not produced and seemingly expects the Court to reduce the hours based on improper

substantiation of hours.

As stated above, this Court finds, based on its knowledge of the case, the voluminous pleadings produced in this case, and the amount of time bringing this case to trial and trying the case, that the number of hours expended in motions pleading is reasonable. Furthermore, Plaintiff provides additional support in her Response for the amount of time expended, which we find acceptable. We highly doubt the production of Attorney Spear's and Attorney Frieze's personal notes will shed any significant light on the time they billed in this case that would cause the Court to reduce the fees in any significant amount.

**IV.    Conclusion.**

Plaintiff's Motion for Attorneys' Fees is GRANTED with changes as specified fully in the opinion. Plaintiff shall submit an accounting of fees requested with adjustments as ordered by the Court and may include **reasonable** time billed on the attorneys' fees issue by March 15, 2014.

An appropriate Order follows.

February 20, 2014

Maurice B. Cohill, Jr.
Senior District Court Judge